UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD A. OSBORNE,

      Plaintiff,

v.                                         Case No. 1:08-cv-49
                                         Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

                                  /

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI). Plaintiff has also filed a "motion for remand for consideration of new evidence" (docket no. 10).

Plaintiff was born on June 1, 1970 and completed the 11th grade (AR 48, 60).[1] He alleged a disability onset date of January 18, 2004 (AR 48). Plaintiff had previous relevant employment as an auto disassembler (auto salvage worker), a night stocker and clerk at a grocery store, a gas station attendant, a factory production worker and a forklift driver (AR 20, 56, 62, 323). Plaintiff identified his disabling conditions as severe depression and anxiety (AR 55-56). He explained that these conditions limit his ability to work because: he has no energy; cannot get out of bed; gets shaky; and is anxious (AR 56). After administrative denial of plaintiff's claim, an

---

[1] Citations to the administrative record will be referenced as (AR "page #").

Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on August 28, 2007 (AR 13-22). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

2

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not

3

disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases. *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265, 1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. Following the five steps, the ALJ initially found that plaintiff has not engaged in substantial gainful activity since January 18, 2004, the alleged onset of disability (AR 15). Second, the ALJ found that plaintiff had the following severe impairments: depression; history of attention deficit hyperactivity disorder (ADHD); anxiety disorder; and drug addiction or alcoholism (DAA) (AR 15-18). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 17).

The ALJ decided at the fourth step that:

> the claimant has the residual functional capacity to perform a full range of work at all exertional levels, but with the following non-exertional limitations: simple unskilled that does not involve maintaining intense concentration, but he can remain on task; minimal contact with co-workers, supervisors, and the general public; routine low stress with no frequent changes/adaptations, no requirement that he take initiative or make independent decisions, and no production quotas. When using alcohol, the claimant cannot remain on task for eight hours a day.

(AR 18). Based on this, the ALJ found that plaintiff was capable of performing his past relevant work as an auto salvage worker, stock clerk and production worker (AR 20-21).

Rather than ending the evaluation at this point, the ALJ proceeded to the fifth step of the sequential analysis, where she concluded that plaintiff could also perform the following jobs in the Lower Peninsula of Michigan: janitor (56,000 positions) and dishwasher (27,000 positions) (AR 21-22). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 22).

### III.  ANALYSIS

Contrary to the court's order directing filing of briefs, plaintiff's initial brief did not include "a Statement of Errors, setting forth the specific errors of fact or law upon which plaintiff seeks reversal or remand." *See* docket no. 5. Nevertheless, it appears that plaintiff contends that (1) the ALJ did not properly evaluate his substance abuse pursuant to 20 C.F.R. § 404.1535 and (2) his global assessment of functioning (GAF) scores indicate that he is disabled. In addition, several months after the conclusion of the briefing schedule, plaintiff filed a motion to remand this matter to the Commissioner for consideration of new evidence.

#### A. The ALJ's evaluation of plaintiff's alcohol abuse

Under the applicable federal law, 42 U.S.C. § 423(d)(2)(C), drug addiction or alcoholism cannot be a material factor to a disability finding. *Bartley v. Barnhart*, 117 Fed. Appx. 993, 998 (6th Cir. 2004). In accordance with this restriction, an ALJ should look to periods of sobriety in the record to determine whether a claimant suffers from a work-limiting mental illness independent of substance abuse. *Id.*

Plaintiff contends that the ALJ failed to properly address his alcoholism, relying on 20 C.F.R. § 404.1535, which provides as follows:

> (a) General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.
>
>> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>>
>> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>>
>>> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>>>
>>> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. §§ 404.1535. Plaintiff fails to address the ALJ's decision in detail, arguing only that the ALJ committed a "significant error of law" because his decision failed "to appropriately apply the procedure outlined in 20 CFR 404.1535" and that the ALJ gave "no indication" as to whether plaintiff "was indeed disabled at the time of the hearing and whether or not he would remain disabled if he discontinued his use of alcohol." Plaintiff's Brief at 5.

Here, the ALJ determined that plaintiff was not disabled, finding that he could perform his past relevant work as well as some 84,000 additional jobs (AR 21-22). This

determination was based upon plaintiff's ability to work independent of his alcohol use, which the ALJ addressed in terms of plaintiff's residual functional capacity (RFC) (AR 18, 21-22, 342-43). Specifically, the ALJ found that while plaintiff had the RFC to "remain on task," this ability was compromised by alcohol use, i.e., "[w]hen using alcohol, the claimant cannot remain on task for eight hours a day" (AR 18).

Plaintiff correctly points out that the ALJ's decision did not explicitly reference 20 C.F.R. § 404.1535. In addition, the court notes that the ALJ's decision is difficult to follow with respect to the alcohol abuse issue. Nevertheless, the ALJ performed the analysis anticipated by § 1535, by concluding that plaintiff had the RFC to perform his past relevant work independent of his alcohol abuse. The ALJ's failure to set forth a more structured review of the alcohol abuse issue is not a sufficient basis to require a remand in this matter. "No principle of administrative law or common sense requires [a reviewing court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989). Accordingly, the court finds no reason to disturb the ALJ's decision.

### B.  Plaintiff's GAF score

Next, plaintiff contends that his GAF scores of 43 and 47 indicate that he is disabled (AR 147-51, 235). Plaintiff's Brief at 4-6.[2] The GAF score is a subjective determination that represents "the clinician's judgment of the individual's overall level of functioning" on a hypothetical continuum of mental health-illness. American Psychiatric Assoc., *Diagnostic and Statistical Manual of Mental Disorders (DSM-IV-TR)*, (4th ed., text rev., 2000), pp. 32, 34. The

---

[2] Plaintiff's reference to a GAF score of 43 is incorrect. The record reflects that this particular GAF score was actually 40 (AR 235). *See* discussion, *infra*.

GAF score is taken from the GAF scale, which rates individuals' "psychological, social, and occupational functioning," which "may be particularly useful in tracking the clinical progress of individuals in global terms." *Id*. at 32. The GAF scale ranges from 100 to 1. *Id.* at 34. At the high end of the scale, a person with a GAF score of 100 to 91 has "no symptoms." *Id.* At the low end of the GAF scale, a person with a GAF score of 10 to 1 indicates "[p]ersistent danger of hurting self or others (e.g., recurrent violence) OR persistent inability to maintain minimal personal hygiene OR serious suicidal act with clear expectation of death." *Id.*

The record reflects that various examiners assigned plaintiff a wide range of GAF scores in 2004 and 2005. Plaintiff had a GAF score of 30 on July 6, 2004, when he was voluntarily admitted to Oaklawn Hospital after a suicide attempt (AR 114-15). Six days later, upon his discharge from the hospital, plaintiff was assigned a GAF score of 55 (AR 109). Plaintiff was also found to have a GAF of "about 55" during the year previous to the July 2004 hospital admission (AR 115). On October 3, 2004, a consultative examiner assigned plaintiff a GAF score of 47 (AR 147-51). Finally, plaintiff's GAF score of 40 was assigned when he was in jail in July 2005 (AR 235).

Plaintiff contention is based upon the vocational expert's testimony that a GAF score below 50 "indicates substantial impairment in a number of areas, and one of those specifically cites is maintaining employment" (AR 345). Plaintiff's contention is without merit. The Sixth Circuit has rejected the proposition that a determination of disability can be based solely on the unsupported, subjective determination of a GAF score. *See Rutter v. Commissioner of Soc. Sec.*, No. 95-1581, 1996 WL 397424 at *2 (6th Cir. July 15, 1996). *See generally, Hardaway v. Secretary of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987) (per curiam) ("the determination of disability must be made on the basis of the entire record and not on only some of the evidence to the exclusion of

all other relevant evidence") (citation omitted). *See also* Response to Comment, Final Rules on Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 FR 50746, 50764-65 (Aug. 21, 2000) ("The GAF scale . . .does not have a direct correlation to the severity requirements in our mental disorders listings"). Accordingly, contrary to plaintiff's contention, his GAF scores of 43 and 47 are not independent grounds for a reversal or remand.

### C.     Plaintiff's motion for remand

Finally, plaintiff seeks a remand for consideration of new evidence that his gastrointestinal problems have worsened. When a plaintiff submits evidence that has not been presented to the ALJ, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988) (per curiam). A sentence-six remand is only permitted for consideration of new and material evidence that for good cause was not previously presented to the Commissioner (sentence-six remand). *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994). The court . . . may at any time order the additional evidence to be taken before the Commissioner, but only upon a showing that there is new evidence which is *material* and that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (emphasis added). In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "Good cause" is shown for a sentence-six remand only "if the new evidence arises from continued medical treatment of the condition, and was not generated

merely for the purpose of attempting to prove disability." *Koulizos v. Secretary of Health and Human Servs.*, 1986 WL 17488 at *2 (6th Cir. Aug. 19, 1986).

The record reflects that in August 2005, plaintiff was hospitalized after a suicide attempt involving a "polysubstance overdose" (AR 294-95). The overdose apparently resulted in bowel ischemia which required a bowel resection and two additional surgeries (AR 294-95). He required an additional surgery in February 2006 (AR 296-99). Plaintiff has now submitted records from 2006 which relate to the surgeries, as well an additional records from August and October 2008 which indicate that he had surgery for a hernia. *See* docket nos. 11-2, 11-3, 11-4 and 11-5). One doctor also identified a condition described as "'frozen abdomen' with loops of bowel stuck to the abdominal wall." *See* Letter from Kamran Mir, M.D. (Oct. 24, 2008) (docket no. 11-5). Plaintiff gives no explanation for failing to provide the 2006 records to the ALJ prior to the administrative hearing, which was held on April 30, 2007. Accordingly, plaintiff has failed to show good cause for failing to incorporate the 2006 records in the prior proceeding.

Furthermore, plaintiff must also demonstrate that the new evidence is material. "In order for the claimant to satisfy this burden as to materiality, he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711. The court concludes that plaintiff has failed to show that the new evidence is material. Plaintiff did not allege any disability arising from his gastrointestinal problems in his disability report or at his administrative hearing (AR 51-61, 314-46). Rather, he alleged a disability based upon his mental condition.[3] While the new evidence may establish a worsening of plaintiff's gastrointestinal

---

[3] For example, when the ALJ asked plaintiff "[w]hat do you view as the primary obstacle to your returning to work?", plaintiff responded "[j]ust trying to get my head straight and -- feel better about myself"

condition since the ALJ denied his claim August 28, 2007, this evidence is not material to the disability claim at issue in this appeal.  The same may be said for the hernia repair.  Accordingly, plaintiff is not entitled to a sentence six remand on this newly submitted evidence.

**IV.     Recommendation**

For these reasons, I respectfully recommend that the Commissioner's decision be affirmed.


Dated:  January 20, 2009                                    /s/ Hugh W. Brenneman, Jr.
                                                            HUGH W. BRENNEMAN, JR.
                                                            United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

(AR 334).